By the Court.
—O’Gorman, J.
—The parties in this action have submitted to this court, under section 1279 of the Code of Civil Procedure, the issue whether or not the plaintiff is entitled to recover judgment, against the defendant for the sum of $503.52, with interest, by reason of the loss of his goods insured by the defendant.
The conclusion to be arrived at will depend on the proper construction of the printed policy of insurance, in connection with a written “indorsement,” made by defendant’s agents thereon.
By the terms of the printed policy, the defendant agreed to insure against loss, goods “laden on board vessels, boats, railroad or carriage, .. at and from ports and places . . . for the several amounts and at the rates as hereon indorsed, subject to the conditions of this policy, or of any contract propositions, covered by this policy according to their true intent or meaning. Beginning the adventure at the port or place named in the indorsement. ” It was also provided by the policy, that no ship *507 ment shall be considered as insured until approved and “ indorsed ” thereon by the company. Upon the printed policy in suit, was a written “ indorsement,” containing these words, among others : Against “ risks of fire and inland navigation and transportation, while on vessels, steamboats, or railroads, or in hotels, stores or depots . . . and while in custody of the assured or his traveling salesman.”
The plaintiff’s goods were packed in trunks, and in custody of his travelling salesman, who was attempting to convey them in a two-horse wagon across a bay or a creek in Louisiana, when they were thrown into the water and damaged to the amount claimed in this action.
It will be noticed that the word “ carriage ” used in the policy, is not found in the indorsement, and the question here is, whether the loss of the goods, while being transported in a carriage, is a risk insured against by the defendant.
The printed policy is incomplete and ineffective as a contract, until made definite and certain by the indorsement, which in each case fixes the amount and nature of the risk (Chadsey v. Guion, 97 N. Y. 333). The printed clauses in a policy are subject to restriction and modification, by such as are written (Merchants’ S. S. Co. v. Mutual Ins. Co., 51 Super. Ct. 444).
In this instance, the scope of the risks as set forth in the printed policy is both modified and restricted by the indorsement. Goods, while in hotels, depots and stores, not covered by the terms of the printed policy, are covered by the indorsement; and goods, in carriage, which are covered by the terms of the written policy, are excluded in the indorsement.
In each instance the indorsement must be treated, in my opinion, as expressing the latest intention and agreement of the insurer and insured, and therefore, the loss of the plaintiff’s goods, while laden in a carriage, is not one of the risks covered by this insurance.
The plaintiff’s argument is, that the words in the *508 indorsement, “and while in the custody of the assured or traveling salesman,” were intended to enlarge the scope of the insurance, and add to the number of risks insured against in the printed policy, every loss, from any cause, of the goods, if they were at the time “in custody of the assured or his traveling salesman.” This position can be sustained only by substituting the word “or” for the word “and” in the sentence, a process which may, no doubt, be sometimes resorted to when necessary to avoid a manifest contradiction or ambiguity. But there is no occasion for it here. The meaning of the words used can be ascertained without any violence to the language. The goods insured here, must, in addition to the requirements of the printed policy, be also, when lost, in custody of the assured or his traveling salesman.
The word “ custody ” does not necessarily mean physical and tangible possession of the insured property, but such possession and dominion over it as belongs to any ordinary traveler using ordinary care of his baggage.
Judgment should be entered for the defendant, with costs.
Sedgwick, Oh. J., and Truax, J., concurred.